Filed 4/10/25  P. v. Horsley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100429 |
| Plaintiff and Respondent, | (Super. Ct. No. 07F09616) |
| v. | |
| KENNETH GABRIEL HORSLEY, | |
| Defendant and Appellant. | |

Defendant Kenneth Gabriel Horsley was convicted in 2008 on 10 counts and sentenced to 34 years plus 65 years to life.  In 2024, at a resentencing hearing under Penal Code[1] section 1172.75, the trial court denied defendant's *Romero*[2] motion and resentenced him to 39 years plus 33 years to life.  Defendant appeals, contending the trial

---

[1]    Undesignated section references are to the Penal Code.

[2]    *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

1

court abused its discretion by denying his *Romero* motion without fully considering mitigating circumstances.  The People contend the matter must be remanded due to a sentencing error under section 1170.1, subdivision (a).  We agree with the People and reverse defendant's sentence and remand for resentencing.  Because defendant will be entitled to raise a *Romero* motion on remand, we will not address his appellate claim.

FACTUAL AND PROCEDURAL BACKGROUND

On October 6, 2007, defendant was arrested after leading law enforcement officers on a high-speed chase.  At trial, the jury found defendant guilty of assault with a firearm (count two), discharge of a firearm at an occupied motor vehicle (count three), kidnapping (count four), evading a peace officer (count five), possession of methamphetamine while armed with a loaded and operable firearm (count six), unlawfully transporting methamphetamine (count seven), possession of methamphetamine (count eight), possession of a firearm by a convicted felon (count nine), unlawfully carrying a firearm (count ten), and failure to stop at the scene of an accident (count eleven).  The jury also found true defendant both personally used a firearm and intentionally discharged a firearm in association with count two.  The jury also found true at a bifurcated trial defendant had three prior serious felony convictions, which also qualified as strike offenses, and had served two prior prison terms.

On March 7, 2008, the trial court sentenced defendant to 34 years plus 65 years to life in prison for count two and count five, which included multiple prior prison term enhancements.  The court stayed sentences for five of the convictions under section 654 and imposed concurrent terms for counts four, six, and eleven.

In 2009, this court reversed count eight and granted defendant an additional two days of credits.  (*People v. Horsley* (Apr. 10, 2009, C058439) [nonpub. opn.].)

In 2023, the Department of Corrections and Rehabilitation identified defendant as eligible for resentencing pursuant to Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3), codified as section 1171.1, later renumbered to section 1172.75.

2

(Stats. 2022, ch. 58, § 12.)  Section 1172.75 invalidates prior prison term enhancements imposed prior to January 1, 2020, and entitles defendants to a full resentencing. (§ 1172.75, subds. (a), (d)(2).)  On December 26, 2023, defendant filed a sentencing memorandum with a *Romero* motion requesting the trial court to dismiss two of his prior strikes.

At the resentencing hearing on January 31, 2024, the trial court denied defendant's *Romero* motion and resentenced defendant on count two to 33 years to life, plus a 25-year determinate term.  On count three, the court imposed 25 years to life, plus a five-year prior serious felony enhancement.[3]  On count four, the court imposed a concurrent 25 years to life, plus a five-year prior serious felony enhancement.  On count five, the court imposed a consecutive three-year term, doubled to six years.  On count six, the court imposed a consecutive four-year term, doubled to eight years.  On counts seven, nine, and ten, the court imposed concurrent three-year terms for each count, doubled to six years. On count eleven, the court imposed a concurrent six-month term.

Defendant appeals.

DISCUSSION

On appeal, defendant argues the trial court abused its discretion by denying the *Romero* motion given defendant's pattern of positive programming since the 2008 sentence.  The People raise an issue regarding an improper calculation of defendant's sentence under section 1170.1.  Under section 1170.1, "if a defendant is convicted of more than one offense carrying a determinate term, and the trial court imposes consecutive sentences, the term with the longest sentence is the 'principal term'; any term

---

[3]     The record is ambiguous about whether the trial court intended to impose and stay the sentence for shooting at an occupied vehicle under section 654 or impose it concurrently, as it used both words to describe its sentence for this count.  The record also does not include the most recent abstract of judgment from this resentencing.

consecutive to the principal term is a 'subordinate term.' " (*People v. Felix* (2000) 22 Cal.4th 651, 655; see also *People v. Nguyen* (1999) 21 Cal.4th 197, 203-204 [finding the § 1170.1 sentencing scheme applies in "Three Strikes" cases].) We agree with the People that section 1170.1 controls because the trial court imposed consecutive determinate terms for counts five and six.

According to section 1170.1, subdivision (a), "[t]he principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses."

Here, the trial court imposed sentences of eight years for count six and six years for count five. Because these sentences are consecutive and determinate, principal and subordinate terms should have been established based on whichever sentence the court imposed with the greatest term of imprisonment. (§ 1170.1, subd. (a).) Compliance with section 1170.1, subdivision (a) is mandatory. (*People v. Bozeman* (1984) 152 Cal.App.3d 504, 507 ["the court had no choice but to impose a subordinate one-third middle term"].) Failure to comply with section 1170.1, subdivision (a) results in an unauthorized sentence, which may be corrected at any time. (*Bozeman*, at p. 507; *People v. Cunningham* (2001) 25 Cal.4th 926, 1044-1045.)

Although defendant did not raise an issue with the sentence, we can address unauthorized sentences. " 'As a general rule, a criminal defendant who fails to object at trial to a purportedly erroneous ruling forfeits the right to challenge that ruling on appeal.' [Citation.] But there is an exception to this rule for an unauthorized sentence . . . . [Citation.] 'The unauthorized sentence doctrine is designed to provide relief from forfeiture for "obvious legal errors at sentencing that are correctable without

4

referring to factual findings in the record or remanding for further findings." [Citation.] It applies when the trial court has imposed a sentence that "could not lawfully be imposed under any circumstance in the particular case." ' " (*People v. Moore* (2021) 68 Cal.App.5th 856, 865.)

We conclude the sentences for counts five and six were improperly imposed and therefore reverse and remand for a full resentencing. (See *People v. Miller* (2006) 145 Cal.App.4th 206, 218; see also *People v. Buycks* (2018) 5 Cal.5th 857, 893 [under full resentencing rule, trial court has jurisdiction to modify every aspect of a defendant's sentence during a resentencing and not just the portion reversed or vacated on appeal].)[4]

---

[4] We conclude defendant's *Romero* argument is moot as he will be permitted to file another *Romero* motion on remand. Further, though not addressed by the parties, we note the trial court imposed sentence on some counts concurrently rather than sentencing and then staying them under section 654, and the court's minute order includes a sentence for count eight, which was reversed in 2009. We do not have the amended abstract of judgment to confirm how these issues are reflected, but these issues may also be addressed at the full resentencing.

## DISPOSITION

The sentence is reversed.  The case is remanded for resentencing and for the trial court to exercise its discretion under section 1170.1, subdivision (a).  The judgment is otherwise affirmed.


/s/
ROBIE, Acting P. J.


We concur:


/s/
MAURO, J.


/s/
FEINBERG, J.

6